**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                                         |     |                                   |
| --------------------------------------- | --- | --------------------------------- |
|                                         | )   |                                   |
| RONALD LEROY SATTERLEE,                 | )   |                                   |
|                                         | )   |                                   |
| Plaintiff,                              | )   |                                   |
|                                         | )   |                                   |
| v.                                      | )   | Civil Action No. 15-1387 (ABJ)    |
|                                         | )   |                                   |
| COMMISSIONER OF INTERNAL                | )   |                                   |
| REVENUE, *et al.*,                      | )   |                                   |
|                                         | )   |                                   |
| Defendants.                             | )   |                                   |
|                                         | )   |                                   |

---

## <u>MEMORANDUM OPINION</u>

Plaintiff Ronald Leroy Satterlee has brought this action against the Internal Revenue Service ("IRS"), the State of California Franchise Tax Board ("Tax Board"), First Home Savings Bank ("First Home Bank"), and Granite Services International Inc. ("Granite Services"), alleging that defendants created "false and fraudulent security instruments" and wrongfully converted plaintiff's property by collecting federal income tax from him.  Compl. [Dkt. # 1] at 3; *see also* Pl.'s Br. in Supp. of Compl. & Cause of Action [Dkt. # 1-1] ("Pl.'s Br.").  The IRS, First Home Bank, and Granite Services have each moved to dismiss plaintiff's claims against them.[1]  Def. First Home Bank's Mot. to Dismiss [Dkt. # 4] ("First Home Bank Mot."); Granite Services' Mot. to Dismiss [Dkt. # 14] ("Granite Services Mot."); IRS's Mot. to Dismiss [Dkt. # 23] ("IRS Mot.").

Plaintiff's complaint – and the sixty-three page "Brief in Support of Complaint and Cause of Action" he filed along with it – utterly fail to satisfy the Rule 8 requirements that a pleading set forth "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain

---

[1]      The Tax Board has not responded to plaintiff's complaint.  However, for the reasons discussed below, the claims against the Tax Board will also be dismissed.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Furthermore, to the extent the Court can distill a cause of action from plaintiff's filings, his claims fail for a number of reasons. Accordingly, defendants' motions will be granted, and this case will be dismissed in its entirety with prejudice.

## BACKGROUND

Plaintiff was employed by defendant Granite Services. Pl.'s Br. at 2. While working for Granite Services, plaintiff claimed on his federal income tax form W-4 that he was exempt from the withholding of federal income taxes. *Id.* at 3. In September 2008, the IRS concluded that plaintiff was not exempt from federal income taxes, and it directed Granite Services, as plaintiff's employer, to begin withholding amounts for plaintiff's federal income tax obligations at the correct rate. *Id.* at 3–4; Ex. B to Compl. [Dkt. # 1-1].

One year later, the IRS issued a "Notice of Levy on Wages, Salary, and Other Income" to Granite Services, seeking $215,864.04 for plaintiff's unpaid federal income tax liabilities and outstanding civil penalties for the period of 1998 to 2003. Pl.'s Br. at 17; Ex. C to Compl. [Dkt. # 1-1]. On June 20, 2011, Granite Services notified plaintiff that it would be withholding income tax from his wages at the IRS's request. Pl.'s Br. at 17–18; Ex. E to Compl. [Dkt. # 1-1]; Ex. F to Compl. [Dkt. # 1-1]. Plaintiff responded on June 27, 2011, claiming that the IRS's enforcement statutes have "no force of law against anyone [like plaintiff] who is not part of the government," and directing Granite Services not to comply with the IRS's instructions. Ex. J to Compl. [Dkt. # 1-1]. On September 4, 2012, the IRS sent a revised levy notice to Granite Services, including additional tax liabilities for 2004 through 2008. Pl.'s Br. at 57; Ex. T to Compl. [Dkt. # 1-1].

The IRS also levied upon plaintiff's bank account with First Home Bank, issuing a levy notice on November 2, 2009 in the amount of $221,855.89 for the period of 1998 through 2003.

2

Pl.'s Br. at 5; Ex. D to Compl. [Dkt. # 1-1].  First Home Bank notified plaintiff of the levy on

November 2, 2009, and the IRS levied $11,875.51 from plaintiff's bank account.  Pl.'s Br. at 16;

Ex. D to Compl.

Plaintiff filed his complaint and his brief in support on August 24, 2015.  Compl.  He

alleges that the IRS's levies are "fraudulent" because the IRS "is without authority to create 1040

form Substitute for Returns, declare what is or is not 'Income,' declare Federal wages where none

exist, or bestow Federal Employment upon a non federal, non statutory private workers [sic] who

does NOT earn Federal Wages and provides NO Federal Service whatsoever."  Pl.'s Br. at 41.  He

also insists that the "IRS is without authority to override plaintiffs sworn statement on plaintiffs

w-4 form."  *Id.* at 42.  Plaintiff "demands judgment," actual damages, and punitive damages against

the defendants for their alleged misconduct.  Compl. at 3, 5–6, 8.

The IRS, Granite Services, and First Home Bank have each moved to dismiss plaintiff's

claims against them in their entirety.  First Home Bank Mot.; Mem. of P. & A. in Supp. of First

Home Bank Mot. [Dkt. # 5] ("First Home Bank Mem."); Granite Services Mot.; Mem. in Supp. of

Granite Services Mot. [Dkt. # 15] ("Granite Services Mem."); IRS Mot.; Mem. in Supp. of IRS

Mot. [Dkt. # 23-1] ("IRS Mem.").  The Tax Board has not responded to plaintiff's complaint.

## STANDARD OF REVIEW

### I.    Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a

preponderance of the evidence.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan

v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited

jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v.

Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363

F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). In order to survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To show that personal jurisdiction exists, the plaintiff must allege specific acts connecting the defendant with the forum. *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 97–98 (D.D.C. 2008), citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Plaintiff "cannot rely on conclusory allegations" to establish personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

"A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction." *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002), citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).  However, "the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, [plaintiff] may rest [its] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [it] can otherwise obtain.'"  *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010), quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).  Any factual discrepancies should be resolved in favor of the plaintiff.  *Crane*, 894 F.2d at 456.  But the Court need not treat all of the plaintiff's jurisdictional allegations as true.  *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000).  "Instead, the court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."  *In re Papst Licensing*, 590 F. Supp. 2d at 98 (internal quotation marks and citation omitted).

## III.    Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, citing *Twombly*, 550 U.S. at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*, quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Where the action is brought by a pro se plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

### I.   Plaintiff has failed to comply with the Rule 8 requirement that a complaint contain "a short and plain statement of the claim" showing an entitlement to relief.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines*, 404 U.S. at 520. Even pro se litigants, however, must comply with the

Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules," and "[e]nforcing these rules is largely a matter for the trial court's discretion." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004), quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).

Insofar as plaintiff's complaint and his brief in support are even intelligible, they lack "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). In the combined seventy-two pages of substantive pleadings, plaintiff quotes at length from a multitude of statutes, regulations, and documents, providing little by way of context or explanation, and unnecessarily repeats his allegations several times throughout. He also does not identify any basis for the permissible exercise of personal jurisdiction over most of the defendants. Based on his failure to comply with Rule 8 alone, the Court could dismiss this case in its entirety. *See, e.g.*, *Beranek v. Klassen*, 1975 WL 166110, at *1 (D.C. Cir. 1975) (affirming dismissal of "prolix, twenty-five page complaint contain[ing] vague and ambiguous allegations of a variety of constitutional and statutory violations" for failure to comply with the Rule 8(a)(2) "short and plain statement" requirement).

## II.     Dismissal of plaintiff's claims against the IRS, Granite Services, and First Home Bank is warranted pursuant to Rule 12(b).

Even if the Court were to overlook plaintiff's failure to comply with Rule 8, dismissal of this case would still be warranted for a number of reasons.  First, the United States has not waived its sovereign immunity with regard to plaintiff's claims, and even if it did, his claims against the IRS are untimely.  Second, the Court lacks personal jurisdiction over defendants Granite Services and First Home Bank, and plaintiff has failed to state a plausible claim against either defendant. So, plaintiff's claims against those defendants will be dismissed with prejudice.

### A.     The United States has not waived its sovereign immunity to plaintiff's claims against the IRS, and his claims are untimely in any event.

To the extent the Court can decipher plaintiff's specific complaint against the IRS, it appears that he is challenging the IRS's ability to levy on his wages and bank account.  Plaintiff asserts that the IRS cannot articulate a "specific taxable activity or tax plaintiff was or is involved in" because he "has not engaged in any federally regulated activities, events, or commodities . . . [and] is neither a 'federal employee, an 'employee of the state' nor within any part of the 'all other taxpayers' group." Pl.'s Br. at 9.  In other words, plaintiff maintains that since he is not a federal employee, he has no "federal wages" subject to taxation, and he contends that the IRS improperly levied taxes that he did not owe.  Citing to 26 U.S.C. § 3402(n), plaintiff also claims that the IRS cannot levy taxes because this "dishonors" the "exempt" status he marked on his W-4 form.  *Id.* at 42.

The IRS responds that the Court does not have subject matter jurisdiction because the government has not waived its sovereign immunity against claims like plaintiff's, and that the claim is not timely because it was filed well past the two-year statute of limitations period provided

by law.  IRS Mem. at 3–4, 8–9; *see also* IRS's Reply in Supp. of IRS Mot. [Dkt. # 28] at 2.[2]  The Court agrees on both points, and it will grant the IRS's motion to dismiss.

### 1.     The IRS has not waived its sovereign immunity to plaintiff's claims.

The United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  Such consent may not be implied; it must be "unequivocally expressed."  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). Waivers of sovereign immunity are "strictly construed . . . [and] in favor of the sovereign."  *Lane v. Pea*, 518 U.S. 187, 192 (1996).  If sovereign immunity has not been waived, federal courts lack subject matter jurisdiction over the claims.  *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) ("[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss.").

---

2      The IRS also argues that plaintiff fails to state a plausible claim because it is well established that wages are taxable.  Because the Court finds that it lacks subject matter jurisdiction over plaintiff's claims against the IRS, and because those claims are untimely in any event, it need not decide the issue.  But the Court notes that it is unlikely that plaintiff's claims that the IRS acted unlawfully by levying his wages or overriding his exempt status as indicated on his W-4 form would succeed on the merits.  *See, e.g.*, *Pascoe v. IRS*, 580 F. Supp. 649, 651 (E.D. Mich. 1984), ("The I.R.S. has regulatory authority to disregard the W-4 form if it has reason to believe that the information contained therein is false, and to order the employer to withhold taxes from the taxpayer's wages."), citing 26 C.F.R. § 31.3402(f)(2)–(1)(g)(5), *aff'd*, 755 F.2d 932 (6th Cir. 1985); *Stefanelli v. Sylvestri*, 524 F. Supp. 1317, 1320 (D. Nev. 1981) ("The IRS's authority to require employers to disregard an employee's Form W-4 exemption certificate has been upheld by many courts.").  This should not come as a surprise to this plaintiff.  *See Satterlee v. United States*, 432 F. Supp. 2d 941, 947 (W.D. Mo. 2006) ("[I]t is clear that the crux of Plaintiff's argument is that his wages, compensation and earnings are not subject to federal taxation.  As previously discussed, Plaintiff's wages are income, 26 U.S.C. § 61, upon which Plaintiff owes a tax, 26 U.S.C. § 1."), *aff'd sub nom. Satterlee v. IRS*, 252 F. App'x 117 (8th Cir. 2007).

Here, the IRS contends that the Court lacks subject matter jurisdiction over this matter because the government has not waived its sovereign immunity to claims such as plaintiff's.  IRS Mem. at 3–4.  Specifically, the IRS observes that "[p]laintiff does not argue that the IRS has failed to follow the proper procedures for collecting tax from him; rather, he argues that the levies are 'fraudulent' because his wages are not taxable and therefore he doesn't owe taxes."  *Id.* at 4. Because plaintiff's claim is therefore "premised on the 'improper assessment, not the unauthorized collection' of taxes," the IRS maintains that it "is plainly not actionable" under the only statute providing for a waiver of the government's immunity to such claims.  *Id.* at 3–4, quoting *Dockery v. U.S. Dep't of Treasury*, 593 F. Supp. 2d 258, 260–61 (D.D.C. 2009).

The Internal Revenue Code contains a provision permitting the recovery of civil damages from the IRS "for certain unauthorized collection actions."  26 U.S.C. § 7433.  But this waiver of the government's sovereign immunity is limited to causes of action that contest the collection – and not the assessment – of taxes.  It provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. . . . [S]uch civil action shall be the exclusive remedy for recovering damages resulting from such actions.

*Id.* § 7433(a).

In interpreting this language, a number of circuits, as well as several judges in this district, have concluded that the plain language of the statute indicates that a cause of action only exists for claims related to the *collection* of income taxes.  Plaintiffs who contest the assessment or investigation of taxes do not have a cause of action under this provision.  *See, e.g.*, *Miller v. United States*, 66 F.3d 220, 222–23 (9th Cir. 1995) ("[A] taxpayer cannot seek damages under [section]

7433 for improper assessment of taxes.") (internal quotations and citations omitted); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (affirming district court determination that IRS activity unrelated to tax collection was not actionable under section 7433); *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992) ("[A]n action under [section 7433] may not be based on alleged . . . disregard in connection with the determination of tax.") (internal quotations and citations omitted); *Bean v. United States*, 538 F. Supp. 2d 220, 225 (D.D.C. 2008) ("This Court now joins the well-supported holdings of other courts in this District that Section 7433 does not provide a cause of action for actions not related to the collection of income tax.") (collecting cases).

Here, plaintiff argues that he "did not state or claim 'wrongful collection,'" and he insists that "where there is no 'levy' (Form 668(b)) involved, there cannot be a challenge to such levy." Pl.'s Mem. of P. & A. in Opp. to IRS Mot. [Dkt. # 27] ("Pl.'s Opp. to IRS Mot.") at 15. But the complaint makes clear that plaintiff is in fact challenging the IRS's finding that he owed taxes and the levies that flowed from that determination. *See, e.g.*, Compl. at 2 (alleging that the IRS induced Granite Services "to wrongfully take, wrongfully convert and wrongfully give plaintiffs property to IRS"); Pl.'s Br. at 5 (claiming that the IRS "did create false and fraudulent security instruments," and specifically listing the levy notices); *id.* at 41 (insisting that the IRS "is without authority to create 1040 form Substitute for Returns, declare what is or is not 'Income,' declare Federal wages where none exist, or bestow Federal Employment upon a non federal, non statutory private workers who does NOT earn Federal Wages and provides NO Federal Service whatsoever").

Where, as here, a plaintiff "claims that he did not owe income taxes at all," those claims "fall beyond the scope of Section 7433's limited waiver of sovereign immunity," depriving the court of subject matter jurisdiction. *See Dockery*, 593 F. Supp. 2d at 260–61 (dismissing the plaintiff's claim that the United States impermissibly levied against his bank account for lack of

subject matter jurisdiction); *see also Miller*, 66 F.3d at 222 (holding that complaints based on deficiencies in the "notice and demand" procedures taken by the IRS fall within the section 7433 sovereign immunity waiver, but noting that complaints based on "improper determinations of . . . tax" are assessment actions that fall beyond the statutory waiver).   Because plaintiff's claims against the IRS are plainly based on his assertion that he owed no taxes at all – he insists that he "is NOT and has NOT engaged in any federally regulated activities, events or commodities . . . and [he] is neither a 'federal employee,' an 'employee of a state' nor within any part of the 'all other taxpayers' group," Pl.'s Br. at 9 – this is an action challenging the assessment of taxes for which the government has not waived its immunity and over which the Court lacks jurisdiction.[3]

> **2.    Even if the Court had subject matter jurisdiction, plaintiff's claims against the IRS are untimely.**

The IRS also argues that plaintiff's claims against it must be dismissed as time-barred.  IRS Mem. at 8–9.  Plaintiff does not address this argument in his opposition, and so he has conceded it.  *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir.

---

[3]    If plaintiff had brought this action under 28 U.S.C. § 1346(a)(1), which provides for a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," his claims would still fail.  For a court to have subject matter over a tax refund suit, the plaintiff must meet the following conditions:  (1) he must have fully paid taxes for the period for which a refund is sought, *Ryskamp v. Comm'r*, 797 F.3d 1142, 1150–51 (D.C. Cir. 2015), citing *Flora v. United States*, 357 U.S. 63, 75 (1958); (2) he must have filed a valid credit claim with the IRS, *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); and (3) he must have brought suit for refund within two years of the IRS denying his refund claim.  *United States v. Michel*, 282 U.S. 656, 659 (1931).  Plaintiff does not allege that he met any of those jurisdictional prerequisites here.

2004).  But even if he hadn't conceded the point, his claims would still fail because it is clear from the face of the complaint that this action is untimely.

"[A]n action to enforce liability created" under section 7433(d)(3) "may be brought only within 2 years after the date the right of action accrues."  26 U.S.C. § 7433(d)(3).  Such an action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."  26 C.F.R. § 301.7433-1(g)(2).  The D.C. Circuit has interpreted this language as meaning that "the statute of limitations on [a] Section 7433 cause of action beg[ins] to run" as soon as the plaintiff "receive[s] notice of the [IRS] levy."  *Keohane v. United States*, 669 F.3d 325, 329 (D.C. Cir. 2012).

Here, plaintiff's brief and his exhibits reveal that he received notice of the IRS's levy on his bank account on November 2, 2009, when First Home Bank notified him by letter that it had received a Notice of Levy from the IRS and that it was placing a hold on his account.  Pl.'s Br. at 16; *see also* Ex. D to Compl. [Dkt. # 1-1] (November 2, 2009 letter from First Home Bank to plaintiff).  Plaintiff also acknowledges that he received written notice from Granite Services of the levy on his wages on June 20, 2011, and that he responded to that letter.  Pl.'s Br. at 34–35; *see also* Ex. F to Compl. [Dkt. # 1-1] (June 20, 2011 letter from Granite Services to plaintiff); Ex. J to Compl. [Dkt. # 1-1] (June 27, 2011 letter from plaintiff to Granite Services).  But he did not bring this action until August 24, 2015, almost six years after receiving notice of the bank levy and more than four years after being advised of the levy on his wages.  Accordingly, plaintiff's wrongful

taxation claims against the IRS are conclusively time-barred by the two-year statute of limitations imposed by section 7433(d)(3), and they will be dismissed with prejudice.[4]

> **B.    The Court lacks personal jurisdiction over defendants Granite Services and First Home Bank.**

Defendants Granite Services and First Home Bank have both moved to dismiss plaintiff's claims against them on the grounds that plaintiff has failed to show that the Court may properly exercise personal jurisdiction over them.  First Home Bank Mem. at 3–4; Granite Services Mem. at 10–15.  The Court agrees.

Plaintiff alleges that Granite Services "is a Florida state Corporation with a place of business in Tampa Florida," Pl.'s Br. at 2, and that First Home Bank is "located at 142 E 1st St, Mountain Grove, MO." *Id.* at 16.  Accordingly, neither defendant is a resident of this jurisdiction. "To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000), citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).  Plaintiff has failed to show that either prong is satisfied with regard to either defendant in this case.

---

4        The D.C. Circuit has cautioned that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).  "[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Id.*, citing *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981).  And "[a] dismissal *with prejudice* is warranted only when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Id.* (emphasis in original), quoting *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985). The Court finds that standard to be satisfied in this case – there are no factual disputes that need to be resolved and there are no additional facts plaintiff could allege that would make these claims timely – and so dismissal with prejudice is therefore warranted.

14

**1.      Plaintiff has failed to show that the Court may exercise personal jurisdiction over defendants Granite Services and First Home Bank under the D.C. long-arm statute.**

Before a court may properly exercise jurisdiction over a non-resident defendant, the plaintiff must show that personal jurisdiction is grounded in one of the several bases provided by the D.C. long-arm statute.  D.C. Code § 13-423; *GTE New Media Servs.*, 199 F.3d at 1347.  The statute provides, in part, that a court may exercise personal jurisdiction over an individual as to claims arising from that person's

> (1) transacting any business in the District of Columbia;

> (2) contracting to supply services in the District of Columbia;

> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; [or]

> (5) having an interest in, using, or possessing real property in the District of Columbia.

D.C. Code § 13-423(a)(1)–(5).  Subsection (b) of the long-arm statute qualifies its reach by noting that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him."  *Id.* § 13-423(b).

Neither the complaint nor plaintiff's brief in support offers any jurisdictional allegations, and upon a review of both documents, it is clear that not one of the provisions of the long-arm statute is satisfied by the factual claims in this case.  Plaintiff does not contend that either defendant conducts business, supplies services, or has property in the District of Columbia.  And he does not allege any facts that would tend to show that the alleged injury he sustained – the wrongful taking

of his income for tax purposes – occurred in this jurisdiction:  the complaint indicates that he is a resident of Missouri, and he alleges that defendants Granite Services and First Home Bank are located in Florida and Missouri, respectively.  *See* Pl.'s Br. at 2, 16.  So there is no basis for the Court to exercise jurisdiction over either defendant under the long-arm statute.

In opposing First Home Bank's motion to dismiss, plaintiff insists that the Court may exercise personal jurisdiction over that defendant because it transferred plaintiff's property to the IRS "using interstate commerce method of 'Wire Transfer' and/or by 'Bank Routing Number,'" that it used the United States Postal Service to deliver a copy of the levy notice to plaintiff, which plaintiff insists constitutes uttering a forged instrument, and that a holding company of First Home Bank is "an 'interstate' corporation."  Pl.'s Resp. to First Home Bank Mot. & Mem. of P. & A. in Supp. [Dkt. # 10] at 6–8.  Not one of these allegations, even if the Court were to accept them as true, would provide a basis under the long-arm statute for exercising personal jurisdiction over First Home Bank, because none bears any rational connection to the District of Columbia or satisfies any of the specific bases for jurisdiction set forth in the statute.  *See* D.C. Code § 13-423(a)(1)–(5).  That includes the purported communications from First Home Bank to the IRS, even if the Court assumes that the transfers were received in the District.  *See, e.g.*, *Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 219, 221 (D.C. Cir. 1986) (finding no basis for jurisdiction under section 13-423(a)(3) where libelous statements were printed in Maryland and mailed from there into the District of Columbia, because the tortious "act" occurred in Maryland).

Plaintiff's jurisdictional allegations with regard to Granite Services fail for the same reason. Plaintiff insists that the Court has jurisdiction over that defendant based on "approx 17 GSII contacts with IRS (and/or IRS contacting GSII, and/or IRS notes 'Granite Services' its phone number or its employee's) between March 2009 and December 2011."  Pl.'s Mem. of P. & A. in

16

Opp. to Granite Services Mot. [Dkt. # 20] at 6.  But the mere act of corresponding with the IRS in Washington is not a sufficient basis upon which to premise the exercise of personal jurisdiction over that defendant, because the alleged wrongdoing by Granite Services – permitting the IRS to levy on plaintiff's wages – took place outside of the District.  *See Moncrief*, 807 F.2d at 219, 221; *see also, e.g.*, *Margoles v. Johns*, 483 F.2d 1212, 1218 (D.C. Cir. 1973) ("The 'act,' of course, is the act of the alleged tortfeasor . . . . The additional facts that other third party acts were necessary to consummate the tort, or that the injury itself took place within the District, cannot under our reading of the [statute] grant jurisdiction that is otherwise lacking.").

2.     **Plaintiff has failed to show that the Court may exercise personal jurisdiction over defendants Granite Services and First Home Bank under the Due Process Clause.**

The Due Process Clause of the Fifth Amendment requires the plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *GTE New Media Servs.*, 199 F.3d at 1347, quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002).  "It is 'essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Creighton Ltd. v. Gov't of Qatar*, 181 F.3d 118, 127 (D.C. Cir. 1999), quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  In short, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."  *GTE New Media Servs.*, 199 F.3d at 1347, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

For the same reasons that plaintiff's allegations fail to satisfy the long-arm statute, his claims also do not support a finding of personal jurisdiction under the Due Process Clause. Requiring First Home Bank and Granite Services to litigate in the District of Columbia, based only on conduct that, according to plaintiff, took place entirely outside of this jurisdiction, would "offend traditional notions of fair play and substantial justice." *GTE New Media Servs.*, 199 F.3d at 1347, quoting *Int'l Shoe*, 326 U.S. at 316. So, the Court finds that it lacks personal jurisdiction over defendants Granit Services and First Home Bank.

### C.   Plaintiff has failed to state a claim against defendants Granite Services or First Home Bank.

The Court also concludes that plaintiff has failed to state a plausible cause of action against Granite Services or First Home Bank, and that dismissal is warranted pursuant to Rule 12(b)(6). Plaintiff appears to be arguing that these defendants violated the law by complying with the IRS's levy notices. *See, e.g.*, Compl. at 4 (alleging that Granite Services "did receive, accept and enforce IRS Notice(s) of Levy on Wages, Salary and Other Income . . . and did wrongfully take, wrongfully converted plaintiffs property and did wrongfully give same to [the IRS] without due process of law"); *id.* at 7 (alleging that First Home Bank "did wrongfully take and wrongfully convert $11,875.51 of plaintiffs property without voluntary contract, agreement, or negotiable instrument, without permission" "upon receipt of false security instrument (IRS Form 8519 'Notice of Levy') alleging plaintiff was indebted to the IRS").

But the Internal Revenue Code shields entities from liability based on claims arising out of compliance with an IRS levy:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the

> delinquent taxpayer and any other person with respect to such property or
> rights to property arising from such surrender or payment.

26 U.S.C.A. § 6332(e).  Accordingly, plaintiff cannot seek to hold Granite Services or First Home

Bank liable based solely on the theory that they complied with the IRS's levy, and so plaintiff's

claims against those defendants will be dismissed.

Furthermore, to the extent that plaintiff argues that Granite Services violated the law by

"dishonoring" his claim on his Form W-4 that he was exempt from federal income taxes, *see* Pl.'s

Br. at 4, that claim also fails.  Plaintiff relies on 26 U.S.C. § 3402(n), which he insists provides

that an "employer is not authorized to alter the [W-4] form or dishonor the employee's claim."  *Id.*

That provision, entitled "Employees incurring no income tax liability," provides:

> Notwithstanding any other provision of this section, an employer shall not
> be required to deduct and withhold any tax under this chapter upon a
> payment of wages to an employee if there is in effect with respect to such
> payment a withholding exemption certificate (in such form and containing
> such other information as the Secretary may prescribe) furnished to the
> employer by the employee certifying that the employee –
>
>> (1) incurred no liability for income tax imposed under subtitle A for
>> his preceding taxable year, and
>>
>> (2) anticipates that he will incur no liability for income tax imposed
>> under subtitle A for his current taxable year.

26 U.S.C.A. § 3402(n).

But as another district court has observed, "[n]othing in this section prohibits an employer

from voluntarily complying with a letter from the I.R.S., issued pursuant to 26 C.F.R.

31.3402(f)(2)–(1)(g)(5), directing the employer to withhold taxes."  *Pascoe v. IRS*, 580 F. Supp.

649, 653 (E.D. Mich. 1984), *aff'd*, 755 F.2d 932 (6th Cir. 1985); *see also, e.g.*, *Stefanelli v.

Sylvestri*, 524 F. Supp. 1317, 1320 (D. Nev. 1981) (holding that employer did not violate section

3402(n) by declining to honor taxpayer's W-4 exemption certificate in the face of an IRS letter

19

stating that the taxpayer was not entitled to claim an exemption from withholding), *aff'd* 698 F.2d

1232 (9th Cir. 1982).   Furthermore, section 3402(n) "does not confer upon the employee the right

to be free from withholding merely because he has filed a W-4 certificate indicating that he will

incur no tax liability."  *Pascoe*, 580 F. Supp. at 653, citing *Stefanelli*, 524 F. Supp. at 1320.

For all those reasons, plaintiff's claims against defendants Granite Services and First Home

Bank will be dismissed with prejudice.

### III.   The Court declines to exercise supplemental jurisdiction over plaintiff's claims against the Tax Board.

Although the Tax Board has not yet entered an appearance in this matter or responded to

plaintiff's complaint, in the absence of any remaining federal causes of action and in an exercise

of its discretion, the Court will dismiss plaintiff's allegations against that defendant, as well.

Plaintiff maintains that the Tax Board:

> did receive plaintiffs stolen property and did accept plaintiffs stolen
> property knowing said property was wrongfully taken and wrongfully
> converted by [Granite Services] founded upon [the Tax Board's] actions of
> creating false and fraudulent security instrument identified as 'Personal
> Income Tax' 'Earnings Withholding Order' faxed to [Granite Services] in
> Florida alleging plaintiff owed 'Income Tax' to State of California [Tax
> Board] without authority of California State law.

Compl. at 5, citing Cal. Code Civ. Pro. § 706.125.   In other words, the only discernible basis for

his claims against the Tax Board is California law.  *See also* Pl.'s Br. at 20 (alleging that the Tax

Board "did create false security instrument" "without lawful authority under California State

Law"), citing Cal. Civ. Pro. Code § 706.125.

"[I]n any civil action of which the district courts have original jurisdiction, the district

courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case

or controversy . . . ."  28 U.S.C. § 1367(a).  The exercise of supplemental jurisdiction is within a

court's discretion, *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005), and a district court

20

may decline to maintain such jurisdiction where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction in the absence of a federal claim, a court balances considerations of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "Typically, if all federal law claims have been dismissed, the factors counsel against exercising supplemental jurisdiction." *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 60 (D.D.C. 2011) (declining to exercise supplemental jurisdiction over District of Columbia statutory and common law claims after dismissal of civil rights claim brought under 42 U.S.C. § 1983).

Here, with the dismissal of plaintiff's claims against the IRS, Granite Services, and First Home Bank, no claim remains over which the Court has original jurisdiction. And the Court finds that the balance of the factors weighs against exercising supplemental jurisdiction over plaintiff's remaining state law claims against the Tax Board. Accordingly, the Court will dismiss plaintiff's claims against that defendant with prejudice.

## CONCLUSION

Because the Court lacks subject matter jurisdiction over plaintiff's claims against the IRS, and since those claims are time-barred, it will dismiss the IRS from this matter. And because the Court finds that it lacks personal jurisdiction over defendants Granite Services and First Home Bank, and that plaintiff has failed to state a claim against them in any event, it will dismiss plaintiff's claims against those defendants as well. Finally, because all federal claims have been

21

dismissed, the Court will decline to exercise supplemental jurisdiction over plaintiff's claims against the Tax Board, and so this case will be dismissed in its entirety with prejudice.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  July 5, 2016